**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**WILLIAM B. BENTON, et al.**                                                              **PLAINTIFFS**

**v.**                                            **NO. 3:06-CV-00105 GTE**

**MERRILL LYNCH & CO., INC.;**
**REFCO, LLC**                                                                                  **DEFENDANTS**

## ORDER GRANTING IN PART MOTION TO DISMISS

Before the Court is Defendant Merrill Lynch & Co., Inc.'s Motion to Dismiss, to which Plaintiffs have responded. For the reasons stated below, the Court concludes that Plaintiffs' claims for negligence claims and breach of the Arkansas securities laws will be dismissed without prejudice, but denies Defendant's motion with respect to Plaintiffs' fraud claim at this time. While a serious issue is presented as to the legal viability of Plaintiffs' fraud claim against Merrill Lynch, the Court will permit Plaintiffs to file an Amended Complaint, as requested, to more particularly allege their fraud theory.

### BACKGROUND

Plaintiffs are various individuals or business entities who loaned money to David Howell in anticipation of a significant return on their investment.

Plaintiffs allege that Howell falsely claimed that he had devised a system of investing which yielded returns of ninety or sixty percent. Although Howell did not want the responsibility of borrowing the Plaintiffs' money, it is alleged that he devised a scheme whereby he agreed to borrow money from Plaintiffs, invest the money as his own, and pay a specified return on the "borrowed" funds. The agreement was reduced to written promissory notes. Several

- 1 -

representative samples of the fixed rate promissory notes are attached to Plaintiffs' Complaint. The notes provide that Howell will pay a specified rate of interest (25% or 37% in the sample notes attached to the Complaint) in promised monthly installments until the principal and interest are paid in full.

Plaintiffs further contend that Howell's system of futures trading often failed to yield the promised high returns and that Howell used their investment principal, rather than profits, to make their monthly payments and also for his personal use and benefit. It is alleged that Howell was operating the same scheme with two different investor groups, which enabled him to falsely claim that half of the total funds invested belonged to him when in fact said funds belonged to the other investor group.

Plaintiffs contend that during the Summer of 2002, Mr. Howell was unable to meet the margin calls made by the Defendants. David Howell died in October of 2002. Plaintiffs contend that they lost millions of dollars in damages after Howell was unable to pay Plaintiffs the promised return on their investments.

Plaintiffs allege that Merrill Lynch "knew or reasonably should have known" that Howell "did not meet the separate and specific written requirements to establish and trade an institutional account" but that it nevertheless permitted him to place orders for the purchase and sale of futures contracts as an institutional account. (Complaint at ¶ 8). Plaintiffs contend that the Defendants were negligent in allowing Howell to trade futures contracts as an institutional trader when they knew or reasonably should have known that he was not qualified to do so. (Complaint at ¶ 11). Plaintiffs further allege that Merrill Lynch "knew or reasonably should have known that Howell was virtually impecunious and that in fact he was trading futures contracts using funds obtained from plaintiffs." (Complaint at ¶ 9).

- 2 -

Paragraph 12 of the Complaint asserts that "Howell engaged in a series of misrepresentations" and lists a series of false statements and representations by Howell. Plaintiffs allege that Howell "made these representations to plaintiffs full well recognizing that each was false with the intent to deceive them for his personal benefit." The Complaint is devoid, however, of any allegations that Merrill Lynch assisted Howell in making these false statements or that it even knew of Howell's misrepresentations to Plaintiffs.

Plaintiffs allege that Merrill Lynch should be held jointly responsible, along with Howell and the Howell trust, for their damages. Plaintiffs also claim that Merrill Lynch aided Howell and the Howell trust in violating the securities laws of the state of Arkansas. Plaintiffs seek damages, rescission, and punitive damages.

**LEGAL STANDARD**

Dismissal of a complaint pursuant to Rule 12(b)(6) is appropriate only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of [the plaintiff's] claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).   The Court must take a plaintiff 's well-pleaded allegations as true and construe all reasonable inferences in a plaintiff's favor. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36-37 (8th Cir. 1995).  Thus the issue to be decided by the Court under Rule 12(b)(6) is whether a plaintiff is entitled to present evidence to support his or her claims, not whether a plaintiff will ultimately prevail. *Id.* at 37. "[A]s a practical matter . . . only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief" should a motion to dismiss be granted. *Parnes v. Gateway 2000, Inc.,* 122 F.3d 539, 546 (8th Cir.1997).  The Court is obligated at this stage in the litigation to assume the facts pleaded are true and to construe those facts in the light most favorable to the Plaintiffs. *Gebhardt v. ConAgra Foods, Inc*. 335

F.3d 824, 829 (8th Cir. 2003).

A complaint should not be dismissed "merely because it does not state with precision all elements that give rise to a legal basis for recovery." *See Schmedding v. Tnemec Co., Inc.,* 187 F.3d 862, 864 (8th Cir.1999) (citing *Bramlet v. Wilson,* 495 F.2d 714, 716 (8th Cir.1974)). "At a minimum, however, a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations." *Springdale Educ. Ass'n v. Springdale Sch. Dist.,* 133 F.3d 649, 651 (8th Cir.1998).

## DISCUSSION

Plaintiffs' Complaint may be read to state causes of action for negligence, fraud, and violation of the Arkansas securities laws, although the Complaint does not specify with precision (i.e., by alleging enumerated and specific counts) the legal claims asserted. The Court will address each claim separately.

**NEGLIGENCE**

Defendant Merrill Lynch contends that Plaintiffs' negligence related claims should be dismissed because Plaintiffs had no business or personal relationship with Merrill Lynch and no facts have been alleged to show that Merrill Lynch had any knowledge of Plaintiffs' existence. Plaintiffs concede that they are not pursuing a negligence claim against Merrill Lynch. However, the Court can understand why Merrill Lynch would construe the Complaint as asserting a claim for negligence.[1] The Court construes Plaintiffs' response to acknowledge that Merrill Lynch owed no duty of care to Plaintiffs upon which a negligence claim might be premised. Accordingly, Plaintiffs' negligence claims will be dismissed.

---

[1] Paragraph 11 alleges that Merrill and Refco "were negligent in allowing Howell to trade futures contracts as an institutional trader . . ."

- 4 -

**FRAUD**

Plaintiffs explain their theory of liability against Merrill Lynch as one of aiding and abetting Howell's fraud. Under such a theory, Plaintiffs contend that Merrill Lynch may be liable for Howell's fraud. While Plaintiffs acknowledge that there is no separate tort of aiding and abetting, they contend that Merrill Lynch may be liable for Howell's fraud if it aided and abetted the fraud. Plaintiffs state that if more facts are needed to explain how Merrill Lynch participated in the fraud that they stand ready, willing and able to submit an Amended Complaint to provide such additional allegations. The Court concludes that the present Complaint fails to state facts sufficient to state a claim against Merrill Lynch for aiding and abetting Howell's fraud. However, the Court will permit the Plaintiffs leave to file an Amended Complaint.

Merrill Lynch has raised the legal issue of whether the Arkansas Supreme Court would recognize a tort for aiding and abetting another person's fraud. Merrill Lynch argues that it would not. This is a serious issue that has not been addressed, to this Court's knowledge, by the Arkansas state courts. The Court agrees that this presents a legal issue, which may well be suited to disposition on a motion to dismiss. However, the Court would prefer not to address this issue in a vacuum, but rather, in the context of the specific and particular facts alleged to constitute the circumstances under which Merrill Lynch should be held liable for aiding and abetting Howell's fraud. Since Plaintiffs are attempting to hold Merrill Lynch liable for the tort of fraud, albeit under an aiding and abetting theory, they must comply with Fed. R. Civ. P. 9(b) which requires them to plead with particularity the circumstances constituting the alleged fraud.

The Court notes that the present Complaint lacks any contention or assertion that the Defendants were aware of Howell's false statements and representations to the Plaintiffs. The Court questions how Merrill Lynch may be found to have aided and abetted Howell's fraud,

assuming such a theory is viable under Arkansas law, unless it was aware of Howell's false representations to Plaintiffs.  The allegation that Merrill Lynch improperly permitted Howell to trade as an institutional investor is not sufficient to hold Merrill Lynch liable for the fraud Howell allegedly perpetrated on the Plaintiffs.

The legal issues presented by Plaintiffs' fraud theory will be better addressed after Plaintiffs have had a full and fair opportunity to state the factual basis for their fraud claim in an Amended Complaint.

### ARKANSAS SECURITIES LAWS

Plaintiffs' Complaint does not specify the provision of the Arkansas securities law that Merrill Lynch is alleged to have violated.  Merrill Lynch presumes that Plaintiffs must be pursuing a secondary liability claim pursuant to Ark. Code Ann. § 23-42-106(c) (1987), which provides:

> Every person who controls a seller liable under subsection (a) of this section or a purchaser liable under subsection (b) of this section; every partner, officer, or director of such a seller or purchaser; every person occupying a similar status or performing a similar function; every employee of such a seller or purchaser who materially aids in the sale; and **every broker-dealer or agent who materially aids in the sale are also liable jointly and severally with, and to the same extent as, the seller or purchaser**, unless the nonseller or nonpurchaser who is so liable sustains the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of the existence of the facts by reason of which the liability is alleged to exist. There is contribution as in cases of contract among the several persons so liable.

(Emphasis added).

Merrill Lynch argues that Plaintiffs have failed to plead facts to show that Merrill Lynch materially aided Howell in his sales of securities (via promissory notes) to Plaintiffs or that Merrill Lynch fits within any of the classes of persons described in the statute.   While the statute

- 6 -

does not define the threshold issue of when a broker-dealer "materially aids" a sale, Arkansas courts have addressed the issue.

In *Quick v. Woody*, 295 Ark. 168, 747 S.W.2d 108, 295 Ark. 168 (1988), the Arkansas Supreme Court held that the defendant materially aided her son by promoting the sale of the securities in direct dealings with investors, by accepting payments from investors for their interest, and by actively soliciting existing investors for other potential investors.  Here, it does not appear that Merrill Lynch is alleged to have had any direct contact with the Plaintiffs.  The Court holds as a matter of law that Merrill Lynch's conduct in permitting Howell to hold and trade an institutional account alone, assuming such conduct violated Merrill Lynch's (or other regulatory) standards, is insufficient to satisfy the "materially aided" standard.

The Plaintiffs have not responded to Merrill Lynch's arguments on this point.  The Court views this omission as an admission that the facts necessary to state a claim under the Arkansas securities laws have not been stated in the present Complaint.  Such admission, in addition to the sketchy nature of this claim in the Complaint, leads the Court to conclude that this portion of Merrill Lynch's motion should be granted.  If this case goes forward and Plaintiffs discover facts sufficient to state a claim then they may move to amend their Complaint to add a claim for violation of the Arkansas Securities laws.

## **CONCLUSION**

For the reasons herein stated,

IT IS THEREFORE ORDERED that Defendant Merrill Lynch's Motion to Dismiss (docket entry # 14) be, and it is hereby, DENIED IN PART and GRANTED IN PART. Plaintiffs' claims for negligence and for violation of the Arkansas securities laws are hereby

DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Amend Complaint (docket entry # 22) be, and it is hereby, GRANTED.  Plaintiffs are directed to file an Amended Complaint not later than **March 26, 2007** that complies with this Order.

The Court's prior Order relieving the parties from all Rule 26 requirements and discovery remains in effect pending further notice from the Court.  Either party may move for the stay of discovery to be lifted.

IT IS SO ORDERED this   7th    day of March, 2007.

                                             /s/Garnett Thomas Eisele
                                             UNITED STATES DISTRICT JUDGE